# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Kipp R. Gibbs,
Plaintiff,

v.

SLM Corp. (a.k.a. Sallie Mae and as
USA Education, Inc.), Sallie Mae
Servicing, L.P., Nellie Mae, USA Funds,
General Revenue Corporation,
Defendants.

Civil Action No. 03 CV 12565 PBS

PROOF OF SERVICE

December 23, 2003

Kipp Gibbs
Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

**BY HAND** via U.S. Marshal

Peter Gelhaar
Donnelly, Conroy & Gelhaar, LLP
1 Beacon St., 33rd Floor
Boston, MA 02109

Dear Sir or Madam:

I, Kipp Gibbs, on December 22, 2003 served Peter E. Gelhaar the within documents
~~at his office, in person, at 1 Beacon St., Boston, MA 02109.~~ via U.S. Marshal,

I declare that the foregoing is true and correct.

Kipp Gibbs

The following person signed for receipt of this service:

_____
Printed name

_____
Signature                    Date

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Kipp R. Gibbs

**DEFENDANTS**

SLM Corp. (a.k.a. Sallie Mae a.das USA Education, Tuition Saving Services, LP, Nellie Mae, USA Funds, and General Revenue Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PO Box 42, Osterville, MA 02655
Pro Se
(508) 292-2280

ATTORNEYS (IF KNOWN) Peter Gelhaar, Matthew Kane Donnelles, Canroy & Gelhaar, LLP
One Beacon St., 33rd Floor
Boston, MA 02108    (617) 720-2880

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

No jurisdiction

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Also in LABOR column: ☐ 730 Labor/Mgmt. Reporting & Disclosure Act, ☐ 740 Railway Labor Act, ☐ 790 Other Labor Litigation, ☐ 791 Empl. Ret. Inc. Security Act

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Uniform Commercial Code, Statute of Frauds, FCDCPA (15USC 1601), USC Title 15, USC Title 20, CFR Title 34. The Defendants have overcharged the student loan acct. of the Plaintiff, engage in fraud in the induction of, augmented payments without notice or authority and engaged in other unlawful practices.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $3,510,064,00.00 (3.510064 billion)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY None
JUDGE _____  DOCKET NUMBER _____

DATE  12/23/3

SIGNATURE OF ATTORNEY OF RECORD  Kipp R. Gin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

December 23, 2003

**BY HAND**

Clerk of the Court
United States District Court for
the District of Massachusetts
1 Courthouse Way
Boston, MA 02110

FILED
CLERK'S OFFICE

2003 DEC 23 P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

Re:    Kipp R. Gibbs v. SLM Corp. (a.k.a. Sallie Mae and as USA Education, Inc.),
       Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, and General Revenue
       Corporation

       Civil Action No.:  03 12565 PBS

Dear Sir or Madam:

Enclosed please find the following documents for filing in connection with the above-
captioned matter:

1. Correct statement of **Demand**.  (Defendant's deficiently understated amount of
the demand by $910,064,000.00.)  **Please enter the correct amount of the
demand as $3,510,064,000.00 (3.510064 billion)**;

2. Accurate statement of **Nature of Suit**.  (Incomplete information regarding the
nature of suit was furnished to the Court by Defendants);

3. **Cause of Action** which reflects law under which suit was brought;

4. Plaintiff's Complaint as filed in Barnstable Superior Court and as served upon
defendants (in more readable form than the doubly faxed copy the Defendants
provided to the Court).

5. Amended Complaint, dated 12/23/03.

Kipp Gibbs, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

December 23, 2003

Clerk of the Court
United States District Court for
the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

Re:   Kipp R. Gibbs v. SLM Corp. (a.k.a. Sallie Mae and as USA Education, Inc.),
      Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, and General Revenue
      Corporation

      United States District Court; District of Massachusetts
      Civil Action No.: 03 12565

# Statement of Demand

Defendant's deficiently understated amount of the demand by $910,064,000.00.

**Please enter the correct amount of the demand as $3,510,064,000.00**

**(3.510064 billion).**  This information was accurately furnished to Defendants in the

complaint served upon them.

Kipp Gibbs, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

December 23, 2003

Clerk of the Court
United States District Court for
the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

Re:     Kipp R. Gibbs v. SLM Corp. (a.k.a. Sallie Mae and as USA Education, Inc.),
        Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, and General Revenue
        Corporation

        United States District Court; District of Massachusetts
        Civil Action No.:  03 12565

# **Nature of Suit**

Please include in the nature of suit the following (listed as violations of the Uniform

Commercial Code, USC, CFR, and other laws, in complaint provided to Defendants):

a.  CONTRACT            ☑ 140 Negotiable Instrument

b.  CONTRACT            ☑ 150 Recovery of Overpayment

c.  TORTS               ☑ 370 Other Fraud

d.  OTHER STATUTES      ☑ 890 Other Statutory Actions

Kipp Gibbs, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

December 23, 2003

Clerk of the Court
United States District Court for
the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

Re:     Kipp R. Gibbs v. SLM Corp. (a.k.a. Sallie Mae and as USA Education, Inc.),
        Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, and General Revenue
        Corporation

        United States District Court; District of Massachusetts
        Civil Action No.:  03 12565

# Cause of Action

Please identify the cause of action to include the following, as provided in the

Complaint against the Defendants (insufficient and incomplete information was

furnished to the Court by the Sallie Mae Defendants):

  a. Duress

  b. Negligence

  c. Fraud

  d. Breach of Contract

  e. FCDCPA (15 USC 1601)

  f.  United States Code Title 15

  g. United States Code Title 20

  h. Code of Federal Regulations Title 34

The Defendants have overcharged the student loan account of the Plaintiff by

charging compound interest, augmented penalties without notice or authorization,

engaged in other unlawful practices.

Kipp Gibbs, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

Commonwealth of Massachusetts                    Superior Court
Barnstable, SS.                                  Docket No. 03-722

---

Kipp R. Gibbs,
Plaintiff,

v.                                               Amended (12/9/03)
                                                 Plaintiff's Class
SLM Corp. (a.k.a. Sallie Mae and as              Action Complaint
USA Education, Inc.), Sallie Mae
Servicing, L.P., Nellie Mae, USA Funds,
General Revenue Corporation,
Defendants.

---

    This is a class action against the Defendants jointly and severally, who appear to
operate as a joint enterprise, brought by the representative plaintiff on his own behalf and
on behalf of a class of Massachusetts student loan borrowers and other student loan
borrowers throughout the country, seeking compensatory, punitive and injunctive relief
for unlawful collection practices, duress, inaccurate credit reporting, increased interest
charge, added penalties, and economic injury. This action arises from various
defendants' negligence, coercion of borrowers to consolidate debt, violation of federal
law and regulations, and failure to adequately monitor and control employees' and
companies' collection activities on student loans.

Parties

1.  Kipp Gibbs is a citizen of the Commonwealth of Massachusetts who, at all
    relevant times, has had a domicile or usual place of business in Barnstable,
    Massachusetts.

2.  Defendant, SLM Corp., is a corporation formed pursuant to the laws of the State
    of Delaware and having its principle place of business at 11600 Sallie Mae Drive,
    Reston, VA 20193. Defendant, SLM Corp., and/or its subsidiaries is engaged in
    administering and/or servicing student loans, which the majority of such activity
    is performed for national and state guarantee agencies for its own benefit and
    profit and is a holding company of the other named defendants. SLM Corporation
    and its subsidiaries, other than the Student Loan Marketing Association (not a
    named defendant) are not sponsored by or agencies of the United States. SLM
    Corp. is a for profit corporation listed on the New York Stock Exchange. Based
    upon knowledge and belief, Defendant and/or its subsidiaries services or has
    serviced more than 50 million student loans since 1973. Defendant, SLM Corp.,
    and/or its subsidiaries, based upon knowledge and belief, currently owns,
    service(s) or administer(s) student loans for more than 7 million borrowers, whose
    combined loan values exceed $85 billion.

3. Defendant, Sallie Mae Servicing, L.P., is a for profit limited partnership formed pursuant to the laws of the State of Delaware as a corporation on November 1, 1995 and converted to limited partnership status on March 31, 2001 and having it principle place of business at 11600 Sallie Mae Drive, Reston, Virginia 20193. Defendant, Sallie Mae Servicing, L.P., manages and operates the loan servicing functions for SLM Corporation, all of its subsidiaries and its affiliates, is engaged in servicing student loans for national and state guarantee agencies for its own benefit and profit and the benefit and profit of SLM Corporation, its parent company, but is itself neither sponsored by nor an agency of the United States. Defendant, Sallie Mae Servicing, L.P., is a wholly-owned subsidiary of SLM Corp. Based upon knowledge and belief, Defendant, Salle Mae Servicing, L.P., services or has serviced more $100 billion in student loans.

4. Defendant, Nellie Mae, is a corporation formed pursuant to the laws of the State of Massachusetts and having its principle place of business at 50 Braintree Hill Park, Suite 300, Braintree, MA 02184. Since 1999, Nellie Mae has been a wholly-owned subsidiary of Defendant, SLM Corp. Defendant, Nellie Mae, is neither sponsored by nor an agency of the United States. Based upon knowledge and belief, Defendant, Nellie Mae, is or has been engaged in the processing and/or administration of student loans. When Defendant, Nellie Mae, was acquired by SLM Corp. in 1999, Nellie Mae had a portfolio of $2.6 billion in student loans.

5. Defendant, USA Funds (United Student Aid Funds), is a private, nonprofit corporation formed pursuant to the laws of the State of Delaware and having its principle place of business at 10475 Crosspoint Boulevard, Indianapolis, Indiana. Defendant, USA Funds, is a guarantor of student loans for national and state agencies. Student loans for which USA Funds provides accounting for directly affect the bottom line of its for profit affiliate SLM Corp. and SLM Corp.'s for profit subsidiaries. USA Funds is a registered service mark of SLM Corp. It is the only nonprofit organization functioning within the 17 companies that comprise the multi-billion dollar corporate empire of SLM Corporation. Defendant, USA Funds, is administered by Sallie Mae Servicing, L.P., a wholly-owned subsidiary of SLM Corp. It is neither sponsored by nor an agency of the United States. Based upon knowledge and belief, Defendant, USA Funds, currently administers and/or provides accounting for more than $37 billion dollars of student loans.

6. Defendant, General Revenue Corporation, is a corporation formed pursuant to the laws of the State of Ohio and having its principle place of business at 11501 Northlake Drive, Cincinnati, Ohio 45249, and is a wholly-owned subsidiary of SLM Corp. Defendant, General Revenue Corporation, is a collection agency for student loans and consumer loans. It is neither sponsored by nor an agency of the United States. Defendant, General Revenue Corporation, is the largest college and university-focused collection agency in the country.

Class Action Allegations

7. The above named plaintiff brings this action on his own behalf and on behalf of all other citizens or other individuals within the United States, or otherwise domiciled, who are similarly situated, having or having had loans serviced by the defendants.

8. Those present or former residents of the United States who are members of the class of persons who have had loans serviced by the defendants and who have suffered injuries thereby are so numerous as to make it impractical to join all members of the class of plaintiffs. Based upon knowledge and belief, the number of class members is in excess of 10,000 persons.

9. There are questions of law and fact, which are common to all members of the class. Furthermore, the questions of law and fact common to the class members predominate over any question affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The questions of law and fact for the nationwide class deal with Federal law, Federal regulations and with the Uniform Commercial Code. Additionally, there is no statute of limitations for student loans, 20 U.S.C. 1091a. Pursuant to the equal protection clause of the 14th Amendment, the statute of limitations is a two-way street. Accordingly, there are no known or appreciable variations in state law germane to the present case.

10. The person named as representative plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein.

11. The representative plaintiff has individually discovered the inequities in regard to unlawful collections by the defendants and has identified other collection practices that are in violation United States Code, researched and distilled the corporate scheme of the Defendants, helped to formulate the legal strategy, put together the evidence necessary to prove the allegations, has researched and tabulated relevant laws and regulations, and has retained competent counsel.

Facts

12. Over the course of his college education Kipp Gibbs entered into contracts for student loans with the following lenders: Barnett Bank, AFSA, ELSI and ELSC.

13. In 1995, USA Funds and Nellie Mae pressured Mr. Gibbs into signing a consolidation note under duress. Under the terms of this consolidation, interest that had accrued on his loans was capitalized and added to the principal. This capitalization increased the amount of interest accrued yearly by raising the average interest rate on his student loans and increasing the principal upon which interest is calculated. Consolidation also renewed the credit history reporting period with an additional seven years, which has negatively affected plaintiff's credit.

14. Plaintiff entered deferment until 4/21/97.

15. Subsequently, the plaintiff made scheduled payments on the consolidation loan.

16. In 1998, Plaintiff entered a period of financial difficulty, during which time he did not have the financial wherewithal to remit payment.

17. On August 18, 2000, Plaintiff's consolidation loan entered default status, according to Defendant, USA Funds.

18. Interest was calculated on an amount not agreed upon, in violation of Article 3 of the Uniform Commercial Code.

19. Subsequently, without notice or authority, Defendant(s) augmented penalty amount, in violation of 20 U.S.C. 1091a(b)(1) and 34 CFR 682.401.

20. On October 4, 1992 Plaintiff discovered additional entries made on his credit report without removal of previous entries, thereby doubling the amount of outstanding debt reported to credit bureaus.

21. On or about November of 2002, Mr. Gibbs contacted General Revenue Corporation (GRC) to inquire about payment in full and how to remove negative credit. Plaintiff, Kipp Gibbs, pointed out to GRC that his credit report showed the incorrect date of default.

22. Subsequently, proof of the incorrect default date was removed from his credit report.

23. Defendant, General Revenue Corporation, began to harass Mr. Gibbs.

24. Defendant, General Revenue Corporation, attempted to coerce Mr. Gibbs to sign another promissory note, which would increase the principal that he owed and would extend the amount of time it remained on his credit. Such pressure has been applied continuously over the past year.

25. Mr. Gibbs continued to communicate with GRC via telephone in an attempt to correct the balance and inaccurate history. GRC stated that Nellie Mae reported to the credit bureaus, and to speak to them if it was inaccurate.

26. Mr. Gibbs contacted Nellie Mae, who said GRC was responsible for reporting to the credit bureaus.

27. After repeated attempts to resolve these issues via telephone over several months, on April 19, 2003 Mr. Gibbs wrote to GRC regarding the incorrect balance.

28. Before and after the 19th of April 2003, Mr. Gibbs continued to receive phone calls from and placed calls to Defendants, General Revenue Corporation, Sallie Mae Servicing, L.P., Nellie Mae and USA Funds. These phone calls did not

produce any results, and often became a vehicle for the Defendants to threaten and harass, Mr. Gibbs.

29. On August 18, 2003, after dozens of attempts to remedy the above matters by telephone, Mr. Gibbs wrote to the credit bureaus and to Defendant, General Revenue Corporation. Plaintiff, Mr. Gibbs, throughout the past year stated via telephone that he would file a civil action if they continued to disregard these issues.

30. On August 19, 2003, Defendant, Sallie Mae Servicing, L.P., replied in writing to telephone calls he had placed to SLM Corp. (Sallie Mae), the parent company, and to Sallie Mae Servicing, L.P., noting that, "You recently contacted Salle Mae...about your education loans...." In the letter Mr. Gibbs' complaints were not addressed, but instead the letter was in the format of a form letter, which was unrelated to the issues he raised.

31. Plaintiff, Kipp Gibbs, replied to this letter on August 26, 2003, describing the variance between issues he apprised them of and their response, and again asked that the inaccurate credit reporting and balance be corrected. In this letter, Plaintiff, Mr. Gibbs also noted, "The collection agency [General Revenue Corporation] repeatedly violates federal law by making misrepresentations that run the gamut from the absurd, 'There is no federal law about student loans' (when questioned about their practices) to the plausible, but specious; and by excessive harassment, belligerence and prevarication which varies per phone call, wherein representatives say whatever they like, often disagreeing with each other. This appears to be a game to the employees...."

32. On September 15, 2003, Defendant, Sallie Mae Servicing, L.P., replied in writing, in the name of USA Funds, to Plaintiff's letter indicating that they did not intend to address the above matters.

33. Items in Mr. Gibbs' written correspondence and matters raised in subsequent phone calls were ignored. During this time, Defendant, General Revenue Corporation, continued to try to coerce Mr. Gibbs into capitalizing approximately $23,000 in interest and penalties into a new consolidation loan, wherein the principal balance would then become approximately $50,000.00, rather than $27,531.11.

34. On October 15, 2003, Plaintiff, Kipp Gibbs, wrote to Defendant, General Revenue Corporation, and to Defendant's legal department informing them that he would file suit if they continued to refuse to address the issues he had raised.

35. Phone calls after this still provided no results.

36. On November 17, 2003 Plaintiff faxed to Defendant, General Revenue Corporation, a final communiqué regarding the above matters.

Count I

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of this complaint.

37. The injuries sustained by the Plaintiff, Kipp Gibbs, were directly and proximately caused by the negligence of the Defendants, SLM Corp., Sallie Mae Servicing, L.P., Nellie Mae, USA Funds and General Revenue Corporation as follows:

    (a) Defendants coerced representative plaintiff to sign a new consolidation loan under duress, which significantly increased both the principal owed, the rate at which interest accrues and the amount of time that negative credit appears on his credit report;

    (b) Defendants negligently reported to credit bureaus;

    (c) Defendants negligently did not properly supervise, monitor nor provide adequate training for employees regarding credit collection practices, as set forth in the Fair Credit Debt Collection Practices Act, 15 USC 1601.

38. As a direct and proximate result of the Defendants' negligence, the representative plaintiff has suffered undue stress and harassment; has had his credit score significantly lowered; is unable to obtain financing on a home; cannot rent an apartment from a realtor, or other such person who pulls credit; is unable to obtair gainful employment from any company which evaluates credit as a criterion; is hampered in business relationships; and is prevented from becoming licensed as a mortgage broker in his home state, which, in part, bases its decisions upon credit.

Wherefore :

a. Plaintiff, Kipp Gibbs, demands judgment against Defendants in the amount of $100,000.00.

b. The plaintiff class demands judgment against Defendants in an amount in excess of $10,000,000.00.

Count II

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of his complaint.

39. Since SLM Corp. purchased plaintiff's loan, it gets to keep penalties and interest charged, but such purchase is not a pre-requisite to its extracting additional monies from student loan borrowers.

40. Within the complex web of the Enron-like, intricate corporate scheme of its parent company, SLM Corporation, Sallie Mae Servicing, L.P., through its administration of USA Funds, tailors and modifies its accounting information to increase the bottom line of its parent company, SLM Corporation and its wholly-owned subsidiaries.

41. Defendants negligently or willfully increased the interest charge on his student loan, which resulted in an overcharge in excess of $4,000.00, by charging compound interest rather than simple interest.

Wherefore :

a. Plaintiff, Kipp Gibbs, demands judgment against Defendants in an amount in excess of $4,000.00, part of which has been paid, and part of which is a request for injunctive relief to prevent collection of the residuary balance, plus interest, costs, penalties and attorneys' fees.

b. The plaintiff class demands judgment against Defendants in an amount in excess of $2.6 billion (2,600,000,000.00), plus interest, costs, penalties and attorneys' fees.

Count III

Plaintiff realleges and incorporates herein paragraphs 1 through 36 and paragraphs 39 and 40 of his complaint.

42. Defendants have refused to comply with Federal Regulations promulgated by the Department of Education. The Department of Education has not been able to prevent Defendants from violating its directives.

43. Defendants have illegally augmented penalties on his student loan, which has resulted in an overcharge of $1384.56.

Wherefore:

a. Plaintiff, Kipp Gibbs, demands judgment against SLM Corp. and other Defendants in the amount of $1384.56, apportioned respectively to monetary damages and injunctive relief for the amount unpaid, plus interest, costs, penalties and attorney's fees;

b. The plaintiff class demands judgment against SLM Corp. and other Defendants in an amount in excess of $899,964,000.00, plus interest, costs, penalties and attorney's fees.

Kipp R. Gibbs
Representative Plaintiff
Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280