UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Kipp R. Gibbs,

    Plaintiff,

v.                               CIVIL ACTION NO.    03-CV-12565-PBS

SLM Corp., et al.,

    Defendants.

## JOINT PROPOSED DISCOVERY PLAN AND CASE MANAGEMENT REPORT

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), Local Rule 16.1 and the Court's December 29, 2003 Order, the plaintiff Kipp R. Gibbs ("Plaintiff") and defendants SLM Corp., Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, and General Revenue Corporation (collectively, the "Defendants") hereby submit this Joint Proposed Discovery Plan and Case Management Report.

**1. Meeting of the Parties**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), Plaintiff and counsel for the Defendants met and conferred by telephone on Tuesday, January 6, 2004 and Wednesday, January 7, 2004.

**2. Agenda of Matters To Be Discussed at the Scheduling Conference**

    a. Discovery Schedule, including a stay of discovery pending the Court's consideration of the Defendants' Motion to Dismiss;

    b. Use of Magistrate Judge; and

1

    c. Any matters Defendants' counsel or the Court would like to discuss regarding anticipated Motion for Class Certification.

3. **Proposed Pretrial Schedule and Discovery Plan**

    a. **Plaintiff's Statement:** Plaintiff is willing to stay discovery as Defendant's counsel has suggested pending resolution of Motion for Class Certification; however, at the present time there is not a class and a Motion for Class Certification has not been filed. Nonetheless, Mr. Gibbs as an individual plaintiff is willing to establish a plan for discovery that would match the time needed for discovery for a class; and is of the opinion that a delay in establishing a plan is unnecessary. Accordingly, Plaintiff proposes the following:

        i. 1st phase of discovery (to include all computerized records for all students with delinquent loans from 1992 to the present, for determining members of class, since student loans are tracked in computerized databases that make data readily available) to be completed by March 29, 2004;

        ii. 2nd phase of discovery to include minutes of corporate meetings, email of executives, corporate directives and memos, written policies, quality control policies and practices, and other related material to be completed by June 29, 2004;

        iii. 3rd phase of discovery, pertaining to letters sent to students in violation of 18 U.S.C. 1341, to be completed by September 29, 2004.

    iv. Motions for Summary Judgment or partial Summary Judgment (specifically relating to excess interest charge, Count IV of the Amended Complaint) to be filed by November 29, 2004;

    v. Pretrial Conference to be held by January 29, 2005;

    vi. Case Disposed by May 2005.

---

Title 34 of the Code of Federal Regulations requires that all student loan records be computerized. Additionally these relational databases are maintained in computerized form by credit agencies. Therefore, access to the database(s) in discovery should be able to be completed, for the very manageable size of the database of perhaps 50 to 100 million records, inside of 72 hours. So giving them two months seems sufficient. (I will be happy to give to them the query statement that will find all members of the class.) From this sum it is estimated—from information gleaned from Department of Education publications—that approximately 650,000 to four million of these records will pertain to members of the class, which is a small number in terms of the capacities of computers. Accordingly, discovery of computerized records is easily accomplished, and the formulation of a schedule need not be delayed pending motion for class certification. For discovery of corporate emails, etc., would the amount of corporate memos increase simply because there were members of a class? The number of memos, emails, etc. is a fixed number, and will not increase proportionately with the size of the class. The only part of the

proposed discovery that would change depending upon class size is the 3rd phase of discovery for letters written to student loan borrowers.

The Defendants' otherwise assert that there is "no private right of action [to recover overcharged interest or damages under the FDCPA.]" They are incorrect. The individual student borrower is mentioned throughout Title 20 of the United States Code. "For a statute to create private rights, its text must be phrased in terms of the persons benefited." *Gonzaga Univ. v. Doe,* 122 S.Ct. 2268 (2002), *California v. Sierra Club,* 451 U.S. 287. It has further been held that if a court is a more suitable forum to provide relief, then plaintiff(s) need not rely upon government agencies to rectify inequities. Nor is there a Federal Regulation or Law requiring a plaintiff to exhaust administrative remedies before bringing suit in regard to student loans. The FDCPA, in fact, specifically details that a private right of action exists.

Therefore, the Defendants' expectation that the entire "*pro se* matter" will be dismissed is without merit, and seems from it's phrasing an attempt to appeal not to relevant law, but to an unspoken hope that some sort of old boy's network exists for which the Court will favor a law firm rather than justice, and will disdainfully treat pro se litigants. Why else would the Defendants place the extraneous and gratuitous phrase "pro se" in italics? If that is a pillar of their legal strategy, what can be left?

4

It should be noted that the Plaintiff is only acting as a placeholder of sorts, and will be supplanted by a team of competent attorneys in two stages.

The Defendants' statement continues, "...the Plaintiff has failed (and, in most instances, has not even attempted) to allege the requisite elements of his claims." As a question of logic, how would one determine an attempt at making an allegation, since the lack of an attempt would preclude someone from knowing of it's existence? It is a liberal standard in determining in notice pleadings whether sufficient information has been presented to allow the respondents to understand the nature of the complaint. It is quite clear that the Defendants understand the allegations, inasmuch as their attorney David Stocker precisely identified the time frame and mathematical calculations under scrutiny.

Separately, in regard to Mail Fraud, Plaintiff is not bringing a private, criminal action against the Defendants, since this is a responsibility of the government, but seeks damages for the illegal actions of the Defendants. Although the word person is mentioned in 18 U.S.C §1341, the Plaintiff concedes that it is unclear whether an implied private right of action exists in the statute, and is not asking for one. The Plaintiff does not seek to enforce the Mail Fraud statute.

5

**Defendants' Statement:** On January 26, 2004, the Defendants will file a Motion to Dismiss, which seeks the dismissal of all of the Plaintiff's claims. If granted, that motion will dispose of the entirety of this *pro se* matter.

The Amended Complaint (1/5/04) must be dismissed for several reasons. First, the Plaintiff alleges claims for which there is no private right of action—including claims purportedly brought under the criminal mail fraud statute—18 U.S.C §1341—as well as regulations promulgated by the United States Department of Education. Second, many of the Plaintiff's claims are preempted by Federal Law, which provides a detailed framework for the administration and regulation of federally guaranteed student loans. Finally, the Plaintiff has failed (and, in most instances, has not even attempted) to allege the requisite elements of his claims.

Because the forthcoming Motion to Dismiss, if granted, would dispose of all claims, the Defendants believe that the discovery schedule—including class discovery and fact discovery—should be stayed pending resolution of that motion. *See, e.g., LTX Corp. v. Daewoo Corp.*, 979 F.Supp. 51, 54 (D.Mass. 1997) (discovery stayed pending resolution of motion to dismiss).[1]

---

[1] If the Court is inclined to set a schedule beyond the motion to dismiss, the Defendants respectfully request that the Court proceed no further than a hearing on the Plaintiff's motion for class certification. The Plaintiff seeks to certify a class of "all other citizens or other individuals within the United States or otherwise domiciled…who have had loans serviced by the Defendants." (Amended Complaint ¶¶ 7-8). The Plaintiff seeks over $23 *billion* in damages on behalf of this purported class. Given the magnitude of the class—anyone who had a loan serviced by any of the Defendants at any time and anywhere— the

Finally, the Defendants respectfully request that the Court not grant the Plaintiff leave to amend his complaint in the event that the Court grants the Defendants' dispositive motion. The Plaintiff has already amended his complaint five times since he initially filed suit. Therefore he has had ample opportunity to cure the defects in his claims.

### 4. Settlement and Alternative Dispute Resolution

#### a. Possibility of Settlement

The parties have engaged in an open dialogue concerning the Plaintiff's written settlement offer pursuant to Local Rule 16.1(c). The parties agree, however, that settlement is not likely in this matter.

#### b. Alternative Dispute Resolution

The parties have considered the option of Alternative Dispute Resolution (ADR). The parties agree that this case would not benefit from the ADR procedures.

#### c. Assignment of Magistrate Judge

The Parties agree that this case should not be assigned to a United States Magistrate Judge for trial or dispositive/class certification motions.

---

Defendants cannot accurately forecast the scope and breadth of any fact discovery until the Plaintiff's motion for class certification is resolved.

Dated: January 22, 2004

    Plaintiff,                                           SLM CORPORATION, SALLIE MAE SERVICING L.P., NELLIE MAE, USA FUNDS, and GENERAL REVENUE CORPORATION,

By their attorneys,

_____  
Kipp R. Gibbs  
Pro Se  
P.O. Box 42  
Osterville, MA 02655  
(508) 292-2280

_____  
Peter E. Gelhaar (BBO #188310)  
Matthew N. Kane (BBO #636801)  
Donnelly, Conroy & Gelhaar, LLP  
One Beacon Street, 33rd Floor  
(617) 720-2880