IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIPP GIBBS, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SLM CORPORATION, SALLIE MAE SERVICING L.P., NELLIE MAE, USA FUNDS, and GENERAL REVENUE CORPORATION, <br><br> Defendants. | Civil Action No. 03-CV-12565-PBS |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), Defendants SLM Corporation, Sallie Mae Servicing L.P., Nellie Mae, USA Funds, and General Revenue Corporation, hereby moves for a protective order: (i) staying all discovery in this matter pending resolution of the Defendants' Motion to Dismiss; and (ii) staying all fact-discovery pending resolution of the Plaintiff's forthcoming Motion for Class Certification. As grounds for this motion, the Defendants state as follows:

1. The Plaintiff Kipp Gibbs (the "Plaintiff") obtained several student loans to finance his college education. (Amended Complaint 1/5/04 ("Amend. Compl.") ¶ 12). In 1995, the Plaintiff consolidated his student loans (the "1995 Consolidated Loan"). (Id. ¶ 13). After making the initial payments on the 1995 Consolidated Loan, the Plaintiff obtained two deferments and subsequently defaulted. (Id. ¶¶ 14, 16). The 1995 Consolidated Loan was ultimately placed in default in 2000. (Id. ¶ 17).

2. Now, almost nine years after he entered into the 1995 Consolidated Loan (and almost three years after his default), the Plaintiff alleges that the loan is somehow void on the grounds of duress. In addition, he alleges (without even attempting to differentiate among the individual Defendants) that "the Defendants" have committed various unlawful acts in the administration and collection of the 1995 Consolidated Loan. In sum, he alleges that the Defendants improperly charged him $8,173.72 in interest and penalties. (Amend. Compl. ¶¶ 38(a), 42, 49).

3. On January 26, 2004, the Defendants moved to dismiss the Amended Complaint in its entirety. In short, the Amended Complaint must be dismissed because:

   a. The Plaintiff does not have any private right of action to state claims under Title 34 of the United States Department of Education Regulations or the Mail Fraud Statute (18 U.S.C §1341).

   b. Many of the Plaintiff's claims are preempted by Federal Law, which provides a detailed framework for the administration and regulation of federally-insured student loans; and

   c. The Plaintiff has failed to allege either facts sufficient to support his claims or even the requisite elements of his claims.

4. Because the Motion to Dismiss, if granted, would dispose of all claims, the Defendants respectfully request that the discovery schedule—including class discovery and fact discovery—should be stayed pending resolution of that motion. *See, e.g., LTX Corp. v. Daewoo Corp.*, 979 F.Supp. 51, 54 (D.Mass. 1997) (discovery

stayed pending resolution of motion to dismiss); *see also E.A. Miller v. South Shore Bank*, 405 Mass. 96, 100 (1989) ("litigants are not entitled to discovery prior to disposition of a [dispositive] motion").

5. If the Motion to Dismiss is denied, then the Plaintiff intends to file a Motion for Class Certification. Specifically, the Plaintiff seeks to certify a class of "all other citizens or other individuals within the United States or otherwise domiciled…who have had loans serviced by the Defendants." (Amended Complaint ¶¶ 7-8). The Plaintiff seeks over $23 *billion* in damages on behalf of this purported class.

6. Given the magnitude of the class—anyone who had a loan serviced by any of the Defendants at any time and anywhere— the Defendants cannot accurately forecast the scope and breadth of any fact discovery until the Plaintiff's motion for class certification is resolved. Accordingly, the Defendants respectfully request that fact discovery be further stayed pending resolution of the Plaintiff's Motion for Class Certification.

7. The Plaintiff will not be prejudiced by the requested stay. If the Plaintiff prevails on these two motions, then discovery will proceed as he contemplates. On the other hand, the Defendants face a considerable and undue burden embarking on discovery concerning an essentially limitless class based on claims that must be dismissed. The balance of hardships clearly tips in favor of the Defendants.

## CONCLUSION

WHEREFORE, the Defendants respectfully requests that this Court enter a protective order in the form attached hereto and grant such other relief as is deemed just and necessary.

January 26, 2003

Respectfully submitted,

SLM CORPORATION, SALLIE MAE SERVICING L.P., NELLIE MAE, USA FUNDS, and GENERAL REVENUE CORPORATION,

By their attorneys,

_____
Peter E. Gelhaar (BBO #188310)
Matthew N. Kane (BBO #636801)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 1/26/04

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIPP GIBBS, individually and on behalf of all other similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) SLM CORPORATION, SALLIE MAE ) SERVICING L.P., NELLIE MAE, USA ) FUNDS, and GENERAL REVENUE ) CORPORATION, ) ) Defendants. ) ) | Civil Action No. 03-CV-12565-PBS |

## ORDER

Pursuant to Fed. R. Civ. P. 26(c), the Court hereby ORDERS that all discovery in this matter be stayed pending resolution of the Defendants' Motion to Dismiss and further ORDERS that all fact-discovery will be stayed pending resolution of the Plaintiff's forthcoming Motion for Class Certification.

If the Motion to Dismiss is denied, then the parties shall commence a period of class discovery, which shall conclude within ninety (90) days of the resolution of the Motion to Dismiss. Class discovery shall be limited to the issues set forth in Fed. R. Civ. P. 23(a). The Plaintiff's Motion for Class Certification shall be submitted within thirty (30) days of the close of class discovery. The Defendants opposition, if any, shall be submitted thirty (30) days thereafter.

If necessary, the parties will submit a joint proposed discovery schedule within fifteen (15) days of the resolution of the Motion for Class Certification.

Entered this ___ day of _____, 2004.


_____
PATTI B. SARIS
District Judge
United States District Court
District of Massachusetts