UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Kipp R. Gibbs,
Plaintiff,

v.

SLM Corp. (a.k.a. Sallie Mae and as
USA Education, Inc.), Sallie Mae
Servicing, L.P., Nellie Mae, USA Funds,
General Revenue Corporation,
Defendants.

CIVIL ACTION NO.   03-cv-12565-PBS

**OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

The Defendants filing under the guise of Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted, will be shown to be fraught with misrepresentations and distortions, upon which it depends to reach its non-sequitur conclusions.

As delineated in the accompanying memorandum of supporting authorities, the Plaintiff's claim must be allowed because:

1) The Plaintiff has a cause for breach of contract, which occurred on August 18, 2000, and was not discovered until 2002, (the statute of limitations in Massachusetts for breach of contract is six years);

2) Plaintiff's claims are not "preempted" by Federal Law (*Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 87 (1st Cir. 1997));

3) The Fair Credit Reporting Act specifically excepts Massachusetts and California law, and thereby allows Massachusetts residents to bring suit under Massachusetts law (15 U.S.C. § 1681t(b)(1)(F)(i));

4) The Plaintiff has a private right of action, including for Mail Fraud, per explicit language of the United States Supreme Court in *Sedima, S. P. R. L. v. Imrex Co.*, 473 U.S. 479 (1985)—which overruled Defendants' cites—*and* pursuant to 18 U.S.C. § 1961(1)(B);

5) The Defendants have enclosed three cases with their motion; however, each case has subject matter or crucial details that differentiate it from the present case, which render them as irrelevant as other cites by the Defendants (e.g., *Ryan v. Ohio Edison Co.*, F.2d 1170 (6th Cir. 1979), which was overruled by the U.S. Supreme Court—yet is cited as an authority by the Defendants on p. 9 of their memorandum);

as is more fully set forth in Plaintiff's attached memorandum.