Defendants incredulously aver "justice would not be served by a remand to state court." Here is the Defendants statement on p. 10 of their brief:

> It is clear that the Plaintiff has resolved to pursue this matter as vexatiously as he needs to, even though… alleged overcharges resulted in under $2000 of damages…. [Therefore,] [a]gain we respectfully submit that the interest of justice would not be served by a remand to a state court.

So blinded by their own insular thinking are the Defendants, that they do not even see the absurdity of their argument, and actually deign to tell the Court that justice need not be concerned with larceny of $2000, yet they endorse their brief with "respectfully submitted." Could the disdainful authors of that sentence have anything except disrespect, or perhaps more aptly, disregard, for justice? Perhaps they do, but it isn't demonstrated by their words.

Also, the Plaintiff does not want this complaint remanded to State Court. The Plaintiff is relying upon the Federal Court's expertise to examine federal questions. The Defendants made their bed, and now they must lie in it.

## **CONCLUSION**

The Defendants' memorandum and brief are fraught with questionable, thoughtless, contradictory challenges, and with specious selection and misrepresentation of case law. In both of the Defendants' briefs, the Defendants rely almost exclusively on a form-over-substance defense, to include underscoring that they are attorneys and that the Plaintiff is currently pro se, yet their response has been problematic at best. Here are some of the highlights:

- Defendants claim USA Funds is "independent" but forget to mention that they control the company, receive its income and own its service mark.
- Defendants cite *United States v. Bestfoods* but failed to read the very next paragraph of the case they cited.
- The Defendants attempted to convince the court that they are somehow related to the government.
- Defendants said federal law preempts applicable state law, but somehow missed 15 U.S.C. § 1692n (and other sections):

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

- Defendants completely overlooked the promissory note and intentionally turned a blind eye to 34 CFR 682.202, which provide a private right of action: "if capitalization is expressly authorized by the promissory note (or with the written consent of the borrower)"
- Defendants seemingly boilerplate their case law selection without examination of its relevance to the present case. (Indeed, often their cites support the Plaintiff.)
- The Defendants conceived of and carelessly drafted a stipulation with the ulterior motive of circumventing justice. (*Who really has a take-it-for-granted attitude?* Psychologists classify it as *projecting*.)
- The Defendants—who chide the Plaintiff as pro se (which doesn't bother the Plaintiff at all, but seems to nettle the Defendants)—appeared to be oblivious to the doctrine of lulling letters and the RICO statutes. Ignorance of the law is no defense.

10