*03-cv-12565-PBS*
*Document # 29*

♦ The Defendants claimed that not listing complex mathematical calculations (which is not a requirement of notice pleadings) somehow in their mind was construed as a "perceived tactical advantage," yet they did not (and cannot) explain their inscrutable reasoning.

♦ The Defendants claimed that the Plaintiff's payment of $5849.37 is a "benefit".

♦ The Defendants somehow conveniently were fixated on a date occurring eleven years ago when they pretended to assert that the statute of limitations for breach of contract had therefore run, even though they are fully aware that the breach occurred in or after 2000.

♦ The Defendants say there is no cause for action under the FCRA, yet, incredibly, they enclosed case law that directly and unequivocally refutes their own position.

♦ The Defendants are in possession of the promissory note, yet claimed to not know that the loans they attest to be confused about were *consolidated* into the consolidation loan.

♦ On the very same page where the Defendants say, "the Plaintiff has failed to allege which agreement was breached," in the preceding paragraph, they point out, "Here, the plaintiff alleges that the Defendants overcharged him interest under the 1995 Consolidated Loan." Oh what a tangled web we weave, when first we practice to deceive.[1]

♦ Defendants call the Plaintiff vexatious, yet they have filed a motion replete with false statements, with specious selection and misrepresentation of case law *and* have filed a reply brief that essentially parrots their previous form-over-substance protestations.

♦ The Defendants chimed in two court-filed documents that Nellie Mae doesn't exist, but Nellie Mae Corporation does—at the same address.

♦ The Defendants mysteriously felt compelled to argue points that they admit the Plaintiff has not even made: "Plaintiff does not (and cannot) contend that the Defendants are 'consumer reporting agencies."

The Plaintiff could go on...and on...and on with more perplexing positions of the Defendants, however, it would be plethoric. No doubt the Court is cognizant that the burden is upon the moving party.

It is well-established that a complaint should not be dismissed for failure to state a claim (which is the unfounded basis for the Defendants' motion) upon which relief can be granted, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Fed.Rules Civ.Proc. rule 12, 28 U.S.C.A., *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99.

For all of the foregoing reasons, and as a matter of law, the Defendants' Motion to Dismiss should be denied.

Kipp R. Gibbs,
Plaintiff, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

---

[1] Sir Walter Scott, Canto iv, Stanza 17, Marmion.