UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Kipp R. Gibbs,<br>Plaintiff,<br><br>v.<br><br>SLM Corp. (a.k.a. Sallie Mae and as<br>USA Education, Inc.), Sallie Mae<br>Servicing, L.P., Nellie Mae, USA Funds,<br>General Revenue Corporation,<br>Defendants. | CIVIL ACTION NO.   03-cv-12565-PBS |

**MOTION TO FILE AMENDED COMPLAINT**

[I]t is a general legal principle that "administrative pleadings are liberally construed and easily amended'" and permission to amend will usually be freely given. Yaffe Iron & Metal Co., Inc. v. Environmental Protection Agency, 774 F.2d 1008, 1012 (10th Cir. 1985); Reynolds Metal Company, Docket No. RCRA-1092-05-30-3008(a) (EPA ALJ, February 5, 1993). If leave to amend is to be denied, it must generally be shown that the amendment will result in prejudice to the opposing party and that the prejudice would constitute a serious disadvantage that goes beyond mere inconvenience. Port of Oakland and Great Lakes Dredge and Dock Co., MPRSA Appeal No. 91-1 (EAB, August 5, 1992); Spang & Co., Inc., Docket Nos. EPCRA-III-037 & 048 (Order Granting Motion To Amend Complaint, April 7, 1992).

The Defendants have only effectively seen two complaints (and, in fact, answered only one), since they received the initial summons in the same package that contained the complaint, amended complaint, and amended complaint (12/09/03). All of these items were in the first civil action communication they received, and were essentially the same in content.

The Defendants, in a stipulation that they conceived of and authored, essentially conceded the fact that they effectively only had to respond to a *single* complaint: "Pursuant to Fed. R. Civ. P. 12(a)(1)(A), the Sallie Mae Defendants have [an additional] twenty (20) days to answer

or otherwise respond [and have not responded yet]." (Stipulation (Docket # 6) at 1). **And the Court's docket shows that <u>they have only filed one response</u>.**

Fed.R.Civ.P. 12(a)(1)(A) (the rule they opted to invoke in the hope that the Plaintiff would agree) <u>specifically and exclusively deals with the summons and initial complaint</u>: "[A] defendant shall serve an answer (A) within 20 days after being served with the summons and complaint."

Therefore, the Defendants' would not be overly burdened by having to respond to an amended complaint, since **<u>Defendants have only responded to a single complaint</u>, and had an extraordinary 47 days to do so.**

*[signature]*
Kipp R. Gibbs,
Plaintiff, Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280