IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIPP GIBBS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SLM CORPORATION, SALLIE MAE SERVICING L.P., NELLIE MAE, USA FUNDS, and GENERAL REVENUE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03-CV-12565-PBS |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

The Defendants SLM Corporation, Sallie Mae Servicing, L.P., Nellie Mae, United Student Aid Funds, Inc ("USA Funds"), and General Revenue Corporation (collectively, the "Defendants") hereby oppose Plaintiff's Motion to File Amended Complaint. As grounds for this opposition, Defendants state as follows:

1. The Plaintiff has already filed a total of *five* original and amended complaints in this matter in both state and federal court. Accordingly, District Judge Saris issued an oral Order at the January 29, 2004 Scheduling Conference, precluding the Plaintiff from filing any further amendments. Because Plaintiff has already filed five complaints, he has had more than an adequate opportunity to cure his defective claims (even for a pro se plaintiff). *See Williams v. Lewis*, 342 F.2d 727, 729 (4th

Cir. 1965) (no error in denying leave to amend where proposed amended claims "were substantially the same grounds as the grounds asserted in previous complaints"); *Thomas v. Amerada Hess Corporation*, 393 F.Supp. 58, 78 (M.D. Pa. 1975)("Repeated failure to cure deficiencies by amendments previously allowed is sufficient reason for exercising discretion denying leave to amend further.").

2.      Moreover, any such amendment would be futile. In fact, in the Court's Report and Recommendation on Defendants' Motion to Dismiss the Amended Complaint ("Report"), Magistrate Judge Dein specifically noted that "the amendment of most of the claims would be futile." (Report, Aug. 2, 2004, at n.1). In fact, the Plaintiff's claims were not, and cannot, be adequately re-pled because, among other reasons, they are:

- time-barred (Counts I, II, V)[1];

- precluded because there was no private right of action (Count III, IV, VIII, IX)[2];

- preempted (Count III)[3]; and/or

- otherwise could not be sufficiently pled in view of the facts (Count III, VI).[4]

Because any amendment would be futile, Plaintiff should not be permitted to file an additional complaint. *Demars v. General Dynamics Corp*, 779 F.2d 97, 99-100 (1st Cir. 1985)(affirming District Court's denial of leave to amend where amendment would have been futile).

---

[1] *See* Report at 9, 12, 27.

[2] *See id.* at 15, 25, 27-28.

[3] *See id.* at 17.

[4] *See id.* at 12, 20-21.

3.     Finally, allowing Plaintiff an opportunity to file a sixth complaint would subject the Defendants to undo burden and expense. Since he commenced this case, the Plaintiff has made a series of unfounded and outrageous claims. Most recently, Plaintiff suggested that the Court ruled against him, at least in part, because the Court's clerk "egressed the hearing on March 19, 2004 accompanying the counsel of Defendants." (Plaintiff's Written Objections to Proposed Findings and Recommendations, at 8). Plaintiff then charged that "[t]he [Court]'s position is utterly absurd, and is an unequivocal regurgitation of the Defendants asinine invention." (*Id.* at 15). At the same time, the Plaintiff's correspondence is littered with more invective, outrageous claims, and promises to subject the Defendants to never-ending litigation. (*See, e.g.*, Defendants Reply Brief in Further Support of Their Motion to Dismiss, Exhibits D, E). Responding to these claims--no matter how unfounded and outrageous--is both time consuming and expensive. Having succeeded on their motion to dismiss (and faced with what are plainly futile claims), the Defendants should not be subjected to yet another complaint.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiff's Motion to File Amended Complaint.

Dated: August 20, 2004

                                                  SLM CORPORATION, SALLIE MAE
SERVICING L.P., NELLIE MAE, USA
FUNDS, and GENERAL REVENUE
CORPORATION,

By their attorneys,

*/s/ Matthew N. Kane*
Peter E. Gelhaar (BBO #188310)
Matthew N. Kane (BBO #636801)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
(617) 720-2880

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 8/20/04  */s/ Matthew N. Kane*