UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 24 P 3:52
U.S. DISTRICT COURT
DISTRICT OF MASS.

Kipp R. Gibbs,
Plaintiff,

v.

SLM Corp. (a.k.a. Sallie Mae and as
USA Education, Inc.), Sallie Mae
Servicing, L.P., Nellie Mae, USA Funds,
General Revenue Corporation,
Defendants.

CIVIL ACTION NO. 03-cv-12565-PBS

Amended Count III

## Count IIIA: Negligent Reporting to Credit Bureaus

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of the amended complaint dated 01/05/04.

1. On October 4, 2002 Plaintiff discovered additional entries made on his credit report without removal of previous entries, thereby doubling the amount of outstanding debt reported to credit bureaus. On or about November of 2002, Mr. Gibbs contacted General Revenue Corporation (GRC) to inquire about payment in full and how to remove negative credit.

2. Plaintiff, Kipp Gibbs, also pointed out to GRC that his credit report showed the incorrect date of default. GRC did not correct the errant date, and instead caused the proof that the date was incorrect to be removed, while leaving the incorrect date on Mr. Gibbs' credit report.

3. Variously, USA Funds, Sallie Mae Servicing, L.P. (working on behalf of USA Funds) and Nellie Mae reported three different date's of last activity (DLA) on Mr. Gibbs' credit, which lowered and lowers his score. (The DLA is the date that an account became delinquent, is one of the most heavily weighted factors in fico scoring, and

cannot be changed. After 7 years, the DLA causes a credit entry to drop from a credit report; however, if the DLA is continually—and illegally—changed, the credit entry never drops from a credit report.[1],[2])

4. An entry Nellie Mae controls list a Nellie Mae FNB student loan with a DLA of 09/01, with USA Funds listed as the collection agency. This date is inaccurate and should be 07/98 (a significant difference of approximately three years).

5. USA Funds separately lists the same account, but with the debt being owed to USA Funds with a DLA of 07/99, which is off by one full year.

6. Additionally, the entry incorrectly doubles the amount of outstanding debt shown on Mr. Gibbs' credit report from $47,856 to $95,712, which in the eyes of a potential creditor makes it like having a mortgage—although the $95,712 debt doesn't actually exist.

7. Nellie Mae FNB's entry is also a duplicate of an entry Nellie Mae somehow mistakenly reported to the credit bureaus as "NEWENGLAND" in the amount of $31,543. It still appears on his credit today as a separate liability, and lowers his score by reporting a 90-day late, even though it is the exact same loan as the other two entries (there is only one consolidated student loan). It is the same consolidated student loan as the two aforementioned, inaccurate entries. They have even fooled themselves with this entry: when Mr. Gibbs reported this entry to each of the defendants separately, SLM Corp., USA Funds, to Sallie Mae Servicing, L.P., to Nellie Mae and to GRC, he was told by four of the five (SLM Corp. did not directly respond) that Mr. Gibbs had two consolidated student loans, since Mr. Gibbs took out a new loan in 09/2000. No such loan exists.

---

[1] "Accounts...remain on file for seven years from the date of last activity (DLA)" - Equifax
[2] "The date that counts, literally, is the original delinquency date, and they cannot change that....The original delinquency date is the date you first missed a payment—the original date the account became late—and after which you never again brought the account current....Experian deletes all of the negative information associated with the account seven years from the original delinquency date. The original account *and all associated collection accounts* are deleted from your credit history at that time." - Experian

8. After repeated attempts to resolve these issues via telephone over several months, on April 19, 2003 Mr. Gibbs wrote to GRC regarding the incorrect balance.

9. Mr. Gibbs also reported these inaccuracies to the credit bureaus on August 18, 2003, after dozens of attempts to remedy the above matters with the various defendants. Per requirement of the FCRA the credit bureaus, in turn, contacted the defendants:

> Prompt notice of dispute to furnisher of information
>
> **(A)** In general
>
>> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. 15 U.S.C. 1681i(a)(2)(A).

10. Mr. Gibbs continued to communicate with GRC via telephone in an attempt to correct the balance and inaccurate history. GRC stated that Nellie Mae reported to the credit bureaus, and to speak to them if it was inaccurate. Mr. Gibbs contacted Nellie Mae, who said GRC was responsible for reporting to the credit bureaus. USA Funds and Sallie Mae Servicing claimed that GRC is responsible for making the credit report entries. (Please note that the credit report itself lists USA Funds—which also means Sallie Mae Servicing, L.P.—and Nellie Mae as the reporting agencies. USA Funds, however, stated that GRC, in fact, makes these reports, to reiterate.)

11. After Mr. Gibbs filed the present law suit, USA Funds, Nellie Mae FNBC, Sallie Mae Servicing, L.P. (acting as a surrogate for USA Funds) and/or General Revenue Corporation filed an inaccurate DLA on Mr. Gibbs' credit report which now showed a DLA of 05/03, which is five years later than the correct date of 07/98. (See "Exhibit 19" attached) and added the statement "Claim filed with government" and predated it to 05/03. However, Mr. Gibbs' credit report from 08/16/03 ("Exhibit 20", attached) shows that no such entry existed as of August 2003.

12. USA Funds has either directly or indirectly illegally re-aged the debt on Mr. Gibbs' credit at least three times. USA Funds is in engaged in the all too common practice of illegally re-aging debt, to perpetuate its existence on credit reports.

13. USA Funds has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

14. Sallie Mae Servicing, L.P. has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

15. Nellie Mae has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

16. General Revenue Corporation has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

17. SLM Corp., through 100% control of its subsidiaries[3], has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

18. The defendants are liable for these actions as provided in the FCRA, the FDCPA and M.G.L. c. 93 §§ 54A, 63 and other applicable laws.

19. As furnishers of credit information to the credit bureaus, the defendants owed a duty of care and accurate reporting to Mr. Gibbs, as is imposed upon such furnishers of information by federal, state, and common laws.

---

[3] [T]here is an equally fundamental principle of corporate law, applicable to the parent-subsidiary relationship as well as generally, that the corporate veil may be pierced. ... See, e.g., Anderson v. Abbott, supra, at 362 ("there are occasions when the limited liability sought to be obtained through the corporation will be qualified or denied"); Chicago, M. & St. P. R. Co. v. Minneapolis Civic and Commerce Assn., 247 U.S. 490, 501 (1918) (principles of corporate separateness "have been plainly and repeatedly held not applicable where stock ownership has been resorted to, not for the purpose of participating in the affairs of a corporation in the normal and usual manner, but for the purpose ... of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company." United States v. Bestfoods, 524 U.S. 51, 61 (1998)

20. As a direct and proximate result of the Defendants' negligence, the representative plaintiff has suffered undue stress and harassment; has had his credit score significantly lowered; is unable to obtain financing on a home; cannot rent an apartment from a realtor, or other such person who pulls credit; is unable to obtain gainful employment from any company which evaluates credit as a criterion; is hampered in business relationships; and is prevented from becoming licensed as a mortgage broker in his home state, which, in part, bases its decisions upon credit.

Wherefore:

   a. Plaintiff, Kipp Gibbs, demands financial compensation from the defendants.
   b. The plaintiff class demands financial compensation from the Defendants, as may be determined by applicable assessment.

### Count IIIB: Tortious (Malicious) Reporting to Credit Bureaus

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of the amended complaint dated 01/05/04.

21. After Mr. Gibbs filed the present law suit, USA Funds, Nellie Mae FNB, Sallie Mae Servicing, L.P. (acting as a surrogate for USA Funds) and/or General Revenue Corporation filed an inaccurate DLA on Mr. Gibbs' credit report which now showed a DLA of 05/03, which is five years later than the correct date of 07/98. (See "Exhibit 19") and added the statement "Claim filed with government" and predated it to 05/03. However, Mr. Gibbs' credit report from 08/16/03 shows that no such entry existed (attached as "Exhibit 20"), because it was, in fact, entered maliciously by the Defendants after Mr. Gibbs brought a suit against the Defendants in December of 2003.

22. Since the Defendants have neither informed the Court which one or more defendants enter or cause to be entered credit entries, nor apprised Mr. Gibbs of same—albeit he had continually requested this information for over a year—Mr. Gibbs is not absolutely certain which defendants have made which entries, although the credit report lists of two of them, USA Funds and Nellie Mae FNB. Since Sallie Mae Servicing, L.P. runs the complete operations of USA Funds, Sallie Mae Servicing is also culpable. Each of the above defendants has stated that General Revenue Corporation makes these entries.

23. The malicious, willful and retaliatory pre-dating of a credit entry and further changing the DLA to 05/03, which is inaccurate by four years and ten months, is reprehensible and illegal conduct that should be punished to the fullest extent permissible under the law. SLM Corp. and the companies it controls should be made examples of for their bullying, cavalier, above-the-law, and wanton, illegal abuse of the credit reporting system.

24. After Mr. Gibbs filed the present law suit, USA Funds, Nellie Mae FNBC, Sallie Mae Servicing, L.P. (acting as a surrogate for USA Funds) or General Revenue Corporation filed an inaccurate DLA on Mr. Gibbs' credit report which now showed a DLA of 05/03, which is five years later than the correct date of 07/98.

25. On or about November of 2002 after Mr. Gibbs notified General Revenue Corporation of the incorrect date of default on his credit report, proof of the incorrect date was removed, but the incorrect date itself was not removed. This was malicious and willful misreporting of credit information on Mr. Gibbs' credit report. It is unknown whether GRC itself removed the proof; whether USA Funds, on whose behalf GRC acts; whether SLM Corp., on whose behalf GRC acts; whether Nellie Mae, on whose behalf GRC acts; whether USA Funds; or whether Sallie Mae Servicing, in its control of the operations of USA Funds removed or caused to be removed the proof of the inaccurate date.

26. Interest unlawfully and knowing capitalized by the Defendants was and is intentionally misreported on Mr. Gibbs' credit report.

27. USA Funds has either directly or indirectly illegally re-aged the debt on Mr. Gibbs' credit at least three times. USA Funds is in engaged in the all too common practice of illegally re-aging debt, to perpetuate its existence on credit reports.

28. USA Funds has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

29. Sallie Mae Servicing, L.P. has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

30. Nellie Mae has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

31. General Revenue Corporation has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

32. SLM Corp., through 100% control of its subsidiaries, has misreported the balance owed, misreported monthly payments due, misreported the date and year of actual delinquency (DLA), and has illegally re-aged debt.

Wherefore:

a. Plaintiff, Kipp Gibbs, demands financial compensation from the defendants.
b. The plaintiff class demands financial compensation from the Defendants, as may be determined by applicable assessment.

## Count IIIC: Negligent Hiring, Training and Supervision

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of the amended complaint dated 01/05/04.

33. Defendants did not properly supervise, monitor nor provide adequate training for employees regarding credit collection practices, as set forth, in part, in the Fair Credit Debt Collection Practices Act. 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692d: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Before and after the 19th of April 2003, Mr. Gibbs continued to receive phone calls from and placed calls to Defendants, General Revenue Corporation, Sallie Mae Servicing, L.P., Nellie Mae and USA Funds. These phone calls did not produce any results, and often became a vehicle for the Defendants to threaten and harass Mr. Gibbs.

35. Defendant, General Revenue Corporation, began to harass Mr. Gibbs. Defendant, General Revenue Corporation, attempted to coerce Mr. Gibbs to sign another promissory note, which would increase the principal that he owed and would extend the amount of time it remained on his credit. Such pressure has been applied continuously over the past year.

36. In this letter, Plaintiff, Mr. Gibbs also noted, "The collection agency General Revenue Corporation repeatedly violates federal law by making misrepresentations that run the gamut from the absurd, 'There is no federal law about student loans' (when questioned about their practices) to the plausible, but specious; and by excessive harassment, belligerence and prevarication which varies per phone call, wherein representatives say whatever they like, often disagreeing with each other. This appears to be a game to the employees...."

37. Employees of GRC employees egregiously gave out Plaintiff's social security number over the telephone to random companies that they found by "searching the Internet," in a clear, incredible violation of Privacy laws and the FDCPA.

Wherefore:

a. Plaintiff, Kipp Gibbs, demands financial compensation from the defendants.
b. The plaintiff class demands financial compensation from the Defendants, as may be determined by applicable assessment.

_____
Kipp R. Gibbs
Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

p. 9 of 9