UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 24 P 3: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

Kipp R. Gibbs,
Plaintiff,

v.

SLM Corp. (a.k.a. Sallie Mae and as USA Education, Inc.), Sallie Mae Servicing, L.P., Nellie Mae, USA Funds, General Revenue Corporation,
Defendants.

CIVIL ACTION NO. 03-cv-12565-PBS

Amended Count V

## Count V: Breach of Contract

Plaintiff realleges and incorporates herein paragraphs 1 through 36 of the amended complaint dated 01/05/04.

1. On October 18, 1995 Mr. Gibbs was coerced by USA Funds (who portrayed itself as an arm of the government), the guarantor of the loans to be consolidated into the consolidation loan, into signing a promissory note with the lender Nellie Mae of 50 Braintree Hill Park, Suite 300, Braintree, MA 02184. (The Court received a copy of this promissory note on February 12, 2004, denoted as Exhibits 12A & 12B.) USA Funds was and is also the guarantor listed on the consolidation loan.

2. On 4/21/97 USA Funds illegally capitalized the interest on Mr. Gibbs' student loan by adding an unexplained $155.05.

3. On 7/13/99 USA Funds illegally capitalized the interest on Mr. Gibbs' student loan by adding an unexplained $221.18.

4. On or about 8/18/00 Sallie Mae Servicing, L.P., acting in its capacity of controlling the operations of USA Funds, illegally capitalized the interest on Mr. Gibbs' student loan by adding an unexplained $38.06.

5. On or about 8/18/00 Sallie Mae Servicing, L.P., acting on behalf of SLM Corp., illegally capitalized the interest on Mr. Gibbs' student loan by adding approximately

$3474.80 to his principal balance, which resulted in interest accruing more rapidly over the following years. Due to SLM Corporations unusual, creative ownership and buyback of student loans, SLM Corp. does not have the authority to capitalize interest upon default. At the time of the filing of this law suit, the overcharge was approximately nine hundred dollars.

6. Mr. Gibbs' promissory note states that he would have to pay only "simple interest on the unpaid principal." However, the above named defendants charged compound interest.

7. On or about 8/18/00, SLM Corp., through its 100% owned subsidiary Sallie Mae Servicing, caused USA Funds to increase the penalty amount on Mr. Gibbs' student loan, immediately after SLM Corp. purchased USA Group on 7/31/00 and took control of USA Funds, by $1384.56., without notice or explanation.

8. Sallie Mae Servicing, USA Funds, General Revenue Corporation, SLM Corp. and Nellie Mae each refused to provide Mr. Gibbs with calculations or regulations pertinent to any and all charges Mr. Gibbs disputed, and regulations and/or law regarding credit reporting. The promissory note states:

> The terms of this loan will be interpreted in accordance with the Higher Education Act of 1965, as amended, and State law and regulations which govern the Federal Loan Consolidation Program. <u>The lender will show these regulations to me upon the request</u>.

9. The refusal by the Defendants to provide such information, as they are required to do by law and by contract, has caused Mr. Gibbs considerable despair, consternation, time, and expense. Mr. Gibbs, in part, had to file a lawsuit (after more than a year of verbal and written requests) to get the Defendants to comply with requirement.

10. 20 U.S.C. § 1091a establishes there is no statute of limitations for student loans. Since it is universally accepted by the Courts that the statute of limitations is a two-way street, and pursuant to the equal protection clause of the 14th Amendment, the improper capitalization of interest by USA Funds on 4/21/97 is subject to a breach of contract action.

Wherefore:

a. Plaintiff, Kipp Gibbs, demands the defendants.

b. The plaintiff class demands financial compensation from the Defendants, as may be determined by applicable assessment.

Wherefore:

a. Plaintiff, Kipp Gibbs, demands financial compensation from Defendants in an amount in excess of $17,898.85, plus interest, costs, penalties and attorneys' fees.

b. The plaintiff class demands judgment against Defendants in an amount in excess of $2.6 billion (2,600,000,000.00), plus interest, costs, and attorneys' fees.

_____
Kipp R. Gibbs
Pro Se
PO Box 42
Osterville, MA 02655
(508) 292-2280

p. 3 of 3